1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    BILL MALEY,                          No. C 06-3082 CW

9          Plaintiff,                     ORDER DENYING
                                          DEFENDANT'S
10         v.                             MOTION TO DISMISS

11   PULTE HOME CORPORATION,

12         Defendant.

13   _____/

14

15        Defendant Pulte Homes, Inc.,[1] moves to dismiss under Federal

16   Rule of Civil Procedure 12(b)(6) Plaintiff Bill Maley's claim for

17   breach of an implied-in-fact employment contract.  Plaintiff

18   opposes the motion, and the matter was taken under submission on

19   the papers.  Having considered the papers filed by the parties, the

20   Court denies Defendant's motion to dismiss.

21                           BACKGROUND

22        The following facts are taken from the Complaint, unless

23   otherwise noted, and are assumed to be true.  Defendant asks the

24   Court also to consider its Employee Handbook and a Power Point

25   presentation on "Managing Human Performance," attached as Exhibits

26   A and B to the Brown Declaration, on the grounds that Plaintiff

27   _____

28        [1]According to Defendant, it was erroneously sued as "Pulte
     Home Corporation."

United States District Court
For the Northern District of California

refers throughout his complaint to the progressive discipline
policies set forth therein.  See United States v. Ritchie, 342 F.3d
903, 908 (9th Cir. 2003) (noting that courts may consider on a
motion to dismiss documents incorporated by reference into a
complaint if referred to extensively or if they form the basis for
the plaintiff's claim).  Plaintiff does not oppose the Court's
consideration of the Employee Handbook and the presentation,
although he notes that the Handbook is not signed by him.  The
Court therefore considers these materials in deciding Defendant's
motion.

Plaintiff asks the Court to consider excerpts from a document
entitled, "California Human Resources Law Guide," prepared by
Defendant's counsel, Foley & Lardner, LLP, and received by
Plaintiff during his employment.  This document is not referred to
in the Complaint, and the Court will not consider it on a motion to
dismiss.

Plaintiff was hired on October 6, 2003, as Defendant's Area
Director of Human Resources.  Neither the offer of employment nor
any discussion of terms and conditions referred to Plaintiff's
employment as "at-will."  Plaintiff's performance on the job was
"exceptionally" strong, and he received positive performance
evaluations and a substantial raise.  Id. ¶¶ 14-17.

During Plaintiff's tenure, senior management officials "made
it abundantly clear to Plaintiff that Defendant executed a policy,
pattern and practice of adhering to a progressive discipline model
of discipline and termination," and that Defendant had a
"longstanding policy and practice of only terminating an employee

2

**United States District Court**
For the Northern District of California

for good cause after the employee failed to improve the behavior or performance after receiving the aforementioned warnings." Complaint ¶¶ 23, 26.  Plaintiff's manager stated on several occasions that he "would never fire Plaintiff and he would let Plaintiff know if he was doing something wrong." <u>Id.</u> ¶ 40.

The Employee Handbook's "Employment At-Will" section provides,

> [a]ll employees of Pulte Homes are employed at-will.  This means that either the Company or an employee may terminate employment with or without cause and with or without advance notice.
>
> No representative of Pulte Homes, or any of its subsidiaries or affiliates, has the authority to enter into any contrary understanding or agreement.

Employee Handbook § 2.1; <u>see also</u> § 3.7, Termination of Employment ("An employee may be discharged at any time with or without cause and with or without advance notice at the Company's sole discretion").  The section on "Employee Discipline Policy" further provides,

> Employment with the Company is terminable at-will.  This means that either the Company or an employee may terminate any employment relationship with or without cause and with or without advance notice.  No representative of the Company has any authority to enter into any contrary understanding or agreement.
>
> Employees are expected to conduct themselves in a reasonable manner as well as follow rules that the Company has expressly established.  Th fact that some guidelines are published or posted and made public does not in and of itself limit or proscribe the requirement of inherent good conduct. . . .  [L]ack of publication does not preclude disciplinary action up to and including discharge as determined at the Company's sole discretion.

<u>Id.</u> § 3.6.

The Power Point presentation on "Managing Human Performance" sets forth a progressive discipline process by which employees are given verbal and written warnings and opportunities to improve

before being fired.  Brown Decl., Ex. B, Managing Human Performance Power Point Presentation at 85.  However, it notes that the progressive discipline process "is not a one size fits all approach," and that "[i]n severe cases, termination may need to be immediate."  Id.

Plaintiff was abruptly fired, without good cause, without an adequate investigation, and without an opportunity to respond to accusations against him.  Defendant cited an alleged "zero tolerance" policy as the reason for Plaintiff's termination; listeners would have understood this statement to mean that Plaintiff had violated Defendant's sexual harassment policy. Complaint ¶ 46.  Plaintiff alleges that his termination violated an implied-in-fact employment agreement whereby he would not be fired absent good cause and verbal and written warnings and opportunities to improve.

Plaintiff brings claims for (1) breach of an implied-in-fact employment contract and (2) defamation.  Defendant's motion to dismiss addresses only the claim for breach of an implied contract.

LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."  Fed. R. Civ. P. 8(e).  These rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

DISCUSSION

Defendant moves to dismiss Plaintiff's claim for breach of an implied-in-fact employment contract on the grounds that the facts alleged in the Complaint are inconsistent with Defendant's written policies and, if proved, are insufficient to overcome the presumption of at-will employment.

California Labor Code § 2922 provides that "an employment, having no specified term, may be terminated at the will of either party on notice to the other."  However, the "at-will" presumption provided in section 2922 may be overcome by an implied agreement not to terminate without good cause.  Foley v. Interactive Data

5

United States District Court

For the Northern District of California

Corp., 47 Cal. 3d 654, 680 (1988).  The Foley court cited several factors that may be considered in determining whether such an implied agreement exists, including "'the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.'"  Id. (quoting Pugh v. See's Candies, 116 Cal. App. 3d 311, 326-27 (1981)).  Courts look to the "totality of the circumstances [to] determine the nature of the contract.  Agreement may be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances."  Id. at 681 (internal quotations omitted).  The existence of an implied-in-fact contract to discharge only for good cause is normally a question of fact.  Alexander v. Nextel Communications, Inc., 52 Cal. App. 4th 1376, 1381 (1997) (citing Haycock v. Hughes Aircraft Co., 22 Cal. App. 4th 1473, 1490 (1994)).

Where an employer chooses to maintain written personnel policies, "the terms they describe must be a central focus of the contractual analysis."  Guz v. Bechtel Nat., Inc., 24 Cal. 4th 317, 345 (2000).  However, "at-will provisions in personnel handbooks, manuals, or memoranda do not bar, or necessarily overcome, other evidence of the employer's contrary intent, particularly where other provisions in the employer's personnel documents themselves

suggest limits on the employer's termination rights."[2]  <u>Id.</u> at 339

(internal citations omitted).  An employee's longevity, raises and

promotions may be relevant, but these factors "do not, in and of

themselves, . . . constitute a contractual guarantee of employment

security."  <u>Id.</u> at 342 (emphasis omitted).  A "brief and vague

statement" by a president that his or her company seeks to avoid

arbitrary firings is insufficient as a matter of law to permit a

finding of an implied-in-fact contract to fire only for good cause.

<u>Id.</u> at 345.  Additionally, the fact that a company has a policy of

progressive discipline does not establish that the company has a

policy or requirement of good cause for termination, where the

company also has a written policy of at-will employment.  <u>Davis v.</u>

<u>Consol. Freightways</u>, 29 Cal. App. 4th 354, 367 (1994).

        Defendant points to portions of the Employee Handbook stating

that employment is at-will, as well as the statement in the

"Managing Human Performance" presentation that termination may be

immediate in severe cases.  These policies are likely strong

evidence that Defendant had a policy of at-will employment.

However, these written policies are not necessarily conclusive.

Plaintiff alleges that Defendant had a policy and practice,

understood by him and all other employees, that they would only be

fired for documented good cause and in accordance with the

progressive discipline policy.  He also alleges some additional

specific facts, such his manager's assurances that he would not be

_____

        [2]By contrast, if there is an express, written at-will
employment contract signed by the employee, the at-will presumption
cannot be overcome.  <u>Guz</u>, 24 Cal. 4th at 340 n.10.

United States District Court
For the Northern District of California

fired and that he would be informed if he was doing something wrong, and the application of the progressive discipline policy even in cases of severe misconduct, such as drinking or using drugs on the job.

Plaintiff does not have to allege in detail all the facts upon which he bases his claim.  To the extent that Defendant argues that Plaintiff's allegations, if true, are insufficient in themselves to establish the existence of an implied-in-fact contract, that is not the standard used to decide a motion to dismiss.  Plaintiff could, consistent with the Complaint, prove facts sufficient to overcome the presumption of at-will employment.  Therefore, the Court will not dismiss Plaintiff's claim for breach of an implied-in-fact contract.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss under Rule 12(b)(6) (Docket No. 27).

IT IS SO ORDERED.

Dated: 7/31/06

_____
CLAUDIA WILKEN
United States District Judge

8